# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS
# EASTERN DIVISION

| | |
|---|---|
| In re<br><br>SCOTT A. STOBER,<br><br>　　　　　　　　　Debtors<br><br>SCOTT A. STOBER,<br><br>　　　　　　　　　Plaintiff<br><br>v.<br><br>MORTGAGE ELECTRONIC<br>　REGISTRATION SYSTEMS,<br>BANK OF AMERICA, N.A.,<br>FEDERAL NATIONAL MORTGAGE<br>　ASSOCIATION; and<br>ORLANSMORAN, PLLC,<br><br>　　　　　　　　　Defendants | Chapter 13<br>Case No. 12-11865-FJB<br><br><br><br><br><br>Adversary Proceeding<br>No. 11-1120 |

### MEMORANDUM OF DECISION ON MOTION OF BANKING DEFENDANTS TO DISMISS

By his complaint in this adversary proceeding, the plaintiff and chapter 13 debtor, Scott A. Stober ("Stober"), seeks a determination that the prepetition foreclosure on his home was invalid because it was effected in violation of an agreement under which one or more of the defendants was obligated to modify his mortgage loan and to forebear while his application for loan modification was under consideration.  He also seeks other, related relief, but all arising from the same grievance. Defendants Bank of America ("BoA"), Mortgage Electronic Registration Systems ("MERS"), and Federal National Mortgage Association ("FNMA") (collectively, "the Banking Defendants") now move to dismiss

the complaint for lack of subject matter jurisdiction and for failure to state a claim on which relief can be granted.[1]

The counts in this proceeding are not core proceedings but are otherwise related to the plaintiff's bankruptcy case.  Therefore, subject-matter jurisdiction exists.  28 U.S.C. § 1334(b) and 157(a) (extending bankruptcy jurisdiction to any proceeding "related to" a case under title 11).  At the hearing on this and related motions, all parties expressly consented to entry of final judgment by the bankruptcy court, and this court therefore has authority to finally adjudicate the complaint.  28 U.S.C. § 157(c)(2).  The Banking Defendants argued that subject-matter jurisdiction was lacking because the property in question was foreclosed upon before the bankruptcy filing and therefore was not, as of the commencement of the case, among the assets over which 28 U.S.C. § 1334(e) confers exclusive jurisdiction.  At the hearing on this motion, however, all defendants conceded that even if this matter is not within the jurisdiction conferred by § 1334(e), it nonetheless is well within the court's "related to" jurisdiction, as articulated above, and that the argument under § 1334(e) is of no consequence.

This leaves only the movants' contention that the complaint fails to state a claim against them on which relief can be granted.  The complaint states two counts, each of which is asserted against each of the Banking Defendants.  In the first, entitled Breach of Contract and Wrongful Foreclosure, Stober contends that the Banking Defendants, or one or more of them, breached two contractual promises:  (i) a promise not to foreclose while BoA was considering his loan-modification application, which they breached by foreclosing while the application was still under consideration; and (ii) a promise to modify his mortgage loan if he qualified for a modification, which modification (the complaint implies) he did qualify for and would either have averted the foreclosure or rendered it inappropriate.  In the second count, Stober alleges that the same conduct constitutes an unfair and deceptive trade practice, actionable under MASS. GEN. LAWS ch. 93A.  The Banking Defendants contend that the complaint fails to

---

[1] The Court has already separately dismissed the complaint as to the fourth defendant, the law firm of OrlansMoran PLLC.

2

state a claim on which relief can be granted because it contains no allegation that they promised to forbear for any longer than three months or that they committed to modify his loan and because, as to the ch. 93A count, it fails to allege the delivery of demand letter to each defendant, a statutory prerequisite to suit.

FED. R. CIV. P. 8(a)(2), made applicable to this adversary proceedings by FED. R. BANKR. P. 7008(a), requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 127 S. Ct. 1955, 1964 (2007) *quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957).  To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009), *quoting Twombly*, 550 U.S. at 570.  The plausibility standard is not akin to a "probability requirement" but requires more than a sheer possibility that a defendant has acted unlawfully.  *See Iqbal*, 556 U.S. at 678.  In evaluating the adequacy of a complaint, the First Circuit adopts a two-pronged approach.  *See Soto-Torres v. Fraticelli*, 654 F.3d 153, 158 (1st Cir. 2011).  The first prong is to identify the factual allegations and to distinguish them from "statements in the complaint that merely offer legal conclusions couched as facts or are threadbare or conclusory." *Id.*  The second prong asks whether the factual allegations would "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 159 *quoting Iqbal*, 556 U.S. at 678.  "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

In order to state a cognizable claim for breach of contract, Stober must allege sufficient facts to demonstrate that (a) he had an enforceable agreement with the Banking Defendants, (b) the Banking Defendants breached the terms of that agreement, and (c) the breach caused Stober's damages. *Coll v. PB Diagnostic Systems, Inc.*, 50 F.3d 1115, 1122 (1st Cir. 1995).  The complaint does not allege facts that,

3

if proven, would permit the court to conclude that a contract had been formed, much less that one had been formed with the terms on which Stober relies.  The first mention of a contract or agreement is in the conclusory paragraph that constitutes Count I (Complaint, ¶ 50), where Stober recites that the defendants acted "in breach of the Trial Payment Period contract."  There is no mention of a "Trial Payment Period contract"—by that name or any other—before that point in the complaint or after.  The complaint does not indicate how that contract was allegedly formed or plead the making of the promises that form the basis of Stober's claims for relief.[2]

The complaint does recite that "in late 2009 or early 2010 . . . BoA entered Stober in a three-month Trial Payment Period."  The complaint does not describe the Trial Payment Period, does not indicate that it is an agreement, and does not provide facts from which a court could determine that it involved enforceable promises.  The complaint therefore fails to state a claim on which relief can be granted.

In addition, the complaint *does* indicate

- that the foreclosure did not occur until December of 2011,

- that after his entry into the Trial Payment Period but before foreclosure, BoA at least twice (on July 7 and July 14, 2011) communicated to him that it had determined that he was not eligible for a so-called "HAMP modification," and

- that BoA offered to consider him for other types of loan modification and, on December 7, 2011, one week before foreclosure, informed him that it had denied his application for this alternate type of modification.

The complaint alleges that each of these denials and determinations of ineligibility were wrongful, but it does not deny that BoA considered and rejected Stober's requests for loan modification.  Therefore,

---

[2] At the hearing on this motion, Stober made clear that he is not relying, as a third-party beneficiary, on a contract between BoA and the federal government; rather, the contract on which his is relying is a direct contract between himself and BoA.

even if the complaint alleged that BoA made an enforceable promise not to foreclose before considering his application for modification, it could not also plausibly maintain that that promise was breached. It clearly alleges that before foreclosing, BoA did consider and reject not only the application that was pending at the time of the promise but a later application, too. For these reasons, the Court concludes that Count I fails to state a claim on which relief can be granted.

Count II seeks relief against each of the Banking Defendants under MASS. GEN. LAWS ch. 93A. Stober's count under ch. 93A must be dismissed as to each of the Banking Defendants because the complaint does not affirmatively allege that he served on them the demand letter that is required by ch. 93A, § 9(3) as a condition of maintaining suit. It is undisputed that the plaintiff served a letter only on counsel, not on the defendants themselves. Service on counsel is insufficient. *Hayes v. Hayes*, 2007 WL 3015118, *6 (Mass. Super. Ct. May 22, 2007). Count II also fails for the additional reason that it's gravamen is the same as that of Count I—failure to honor enforceable promises—and therefore suffers from the same inadequacies in pleading.

For these reasons, a separate order will enter dismissing the complaint on its merits.[3]

Date: July 17, 2012

_____
Frank J. Bailey
United States Bankruptcy Judge

---

[3] Stober's counsel did not move for leave to amend the complaint to correct inadequacies in the counts it pleads. On the basis of documents adduced by the Banking Defendants at the hearing on Stober's Motion for Preliminary Injunction, which was heard at the same time as the present motion, it appears that amendment would be futile.

5